UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE Y. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00092-MTS |
| | ) | |
| CITY OF ST. LOUIS, MO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Monique Y. Williams for leave to commence this civil action without prepayment of the required filing fee. Docs. [2] and [5]. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court will dismiss plaintiff's claim under Title VII, as well as the Age Discrimination in Employment Act claim against defendant Darlene Green. *See* 28 U.S.C. § 1915(e)(2)(B). However, the Court will direct the Clerk of Court to issue process on plaintiff's Age Discrimination in Employment Act claim against defendant City of St. Louis.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to undertake a review of a complaint filed in forma pauperis. Following this review, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), and the Age Discrimination in Employment Act of 1967 (ADEA). Doc. [1] at 1. She has named the City of St. Louis and Comptroller Darlene Green as

2

defendants. *Id*. at 2. The complaint is on a Court-provided employment discrimination form. In the "Nature of the Case" section of the complaint, plaintiff has checked the line indicating that she has been harassed. *Id*. at 4. She also states that her employer "failed to pay fair compensation to individuals with the same qualifications and duties." As to discrimination, plaintiff has checked the line indicating that she has been discriminated against on the basis of her age, and has provided a birth year of 1961. *Id*. at 5.

In the "Statement of Claim," plaintiff explains that she is a certified public accountant who resigned as an auditor with the St. Louis City Comptroller's Office on March 8, 2022, due to "unfair compensation and harassment from promotion and disciplinary actions." She asserts that she had qualified for promotion since 2010, but never received one. Plaintiff further states that she believes these discriminatory actions targeted her age.

By way of explanation, plaintiff claims that the City of St. Louis and Comptroller Green "approved and pays the Audit Manager and Operations Support Manager" substantially more than her, even though the Operations Support Manager "is younger and less qualified in executing audits using experienced skills." *Id*. at 6. Plaintiff also alleges that defendants hired a CPA contractor who was paid more than her on an hourly basis, and failed to provide her with the proper amount of training.

Based on these facts, plaintiff seeks $305,760 in compensatory damages, $1,308,000 in damages for emotional duress, and $872,000 in punitive damages. *Id*. at 7.

With regard to the exhaustion of her administrative remedies, plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *Id*. at 3. Attached to the complaint is a right-to-sue letter issued by the EEOC on December 23, 2022, giving plaintiff ninety days in which to file a lawsuit. Doc. [1-1].

## Discussion

Plaintiff is a self-represented litigant who has sued the City of St. Louis and Comptroller Green for employment discrimination under Title VII and the ADEA. Because she is proceeding in forma pauperis, the Court has reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court will dismiss plaintiff's claim under Title VII, and the ADEA claim against Comptroller Green. However, the Court will direct the Clerk of Court to issue process on plaintiff's ADEA claim against defendant City of St. Louis.

### A. Title VII Claim

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

In this case, plaintiff has indicated that she is suing the City of St. Louis and Comptroller Green under Title VII by marking the relevant line on the form complaint. Aside from the checked line, however, plaintiff presents no facts in her complaint implicating Title VII. That is, her facts do not suggest that she was discriminated against due to her race, color, religion, sex, or national origin. Instead, her factual allegations refer only to her age.

While the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Here, as discussed above, there are no factual allegations to support a claim under Title VII. Simply checking a line in a form complaint is not sufficient, without more, to state a plausible claim for relief. The Court further notes that with regard to Comptroller Green, Title VII does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers"). Therefore, plaintiff's claim under Title VII will be dismissed as to both the City of St. Louis and Comptroller Green.

B. **ADEA Claim Against Comptroller Green**

The United States Court of Appeals for the Eighth Circuit has determined that the definitions of "employer" under both Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA) are analogous. *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380 (8th Cir. 1995). *See also E.E.O.C. v. Fond du Lac Heavy Equip. and Const. Co., Inc.*, 986 F.2d 246, 251 (8th Cir. 1993) ("The definition of employer in the ADEA was patterned after the definition of employer in Title VII"). Under Title VII, individuals – including supervisors – may not be held individually liable. *See Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (noting that the Eighth Circuit "has squarely held that supervisors may not be held individually liable under Title VII"); and *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (same).

Because Title VII and the ADEA are treated analogously, district courts in the Eighth Circuit have determined that there is no individual liability under the ADEA, even though the Court of Appeals itself has not ruled on the issue. *See White v. Ameren*, 2022 WL 16649507, at *3 (E.D. Mo. 2022) (dismissing ADEA claim against individual for failure to state a claim); *Drowns v. Village of Oakview Board of Trustees*, 2022 WL 17489951, at *4 (W.D. Mo. 2022) (finding that

5

individual employee was not subject to liability under ADEA); *Bartunek v. eFrame, LLC*, 2016 WL 5854215, at *1 (D. Neb. 2016) (applying Title VII rule that liability cannot be imposed on individual supervisors or co-workers to ADEA claim); and *Wortham v. Am. Family Ins. Co.*, 2002 WL 31128057, at *4 (N.D. Iowa 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA").

In addition, several other Circuits have reached the same conclusion that there is no individual liability under the ADEA. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994) (explaining that under the ADEA, "personal liability would place a heavy burden on those who routinely make personnel decisions for enterprises employing twenty or more persons, and we do not read the statute as imposing it"); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (holding "that the ADEA provides no basis for individual liability for supervisory employees"); *Csoka v. U.S. Government*, 94 F.3d 647, 1996 WL 467654, at *5 (7th Cir. 1996) (unpublished opinion) ("The ADEA, like Title VII, does not authorize individual liability claims against…employees"); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (stating that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees"); and *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that two individuals sued under the ADEA could not be liable because plaintiff was employed by the county).

Here, plaintiff has named Comptroller Green as a defendant. As discussed above, an individual supervisor or employee cannot be sued under the ADEA. Rather, only an "employer" can be held liable under the act. In this case, plaintiff's employer is the City of St. Louis itself, not Comptroller Green. *See* 29 U.S.C. § 630)(b) ("The term employer means…a State or political

6

subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State"). Therefore, the ADEA claim against Comptroller Green will be dismissed.

### C. ADEA Claim Against the City of St. Louis

"The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age").

In this case, plaintiff has alleged that she is over forty years old, and was discriminated against because of her age. Specifically, she asserts that she made less money than younger employees with less skills and experience. With regard to exhaustion, plaintiff states that she filed a charge of discrimination with the EEOC, and has attached a right-to-sue letter. The right-to-sue letter was issued on December 23, 2022, and gave plaintiff ninety days to file suit. This case was filed on January 26, 2023, within that ninety-day period.

The Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process on defendant City of St. Louis as to plaintiff's claim under the ADEA. The Court cautions plaintiff that this is only a preliminary

determination based solely on the allegations contained in the complaint. This is not a determination of the merits of her claim or potential defenses thereto.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis, Docs. [2] and [5], are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Title VII claims against defendants City of St. Louis and Darlene Green are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Age Discrimination in Employment Act claim against defendant Darlene Green is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant City of St. Louis as to plaintiff's claim under the Age Discrimination in Employment Act. The City of St. Louis shall be served pursuant to the waiver of service agreement that the Court maintains with the City Counselor's Office.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 20th day of April, 2023

                                                  MATTHEW T. SCHELP
                                                  UNITED STATES DISTRICT JUDGE